UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEV ORR | CIVIL ACTION |
| VERSUS | NO. 08-3661 |
| J. P. MORGAN CHASE BANK | SECTION "C" (2) |

### REPORT AND RECOMMENDATION

Plaintiff Bev Orr filed this complaint pro se and in forma pauperis alleging that defendant J. P. Morgan Chase Bank "employed unsound and unscrupulous banking practices as a means to sieze (sic) funds from [her] checking account." Record Doc. No. 1 (Complaint at p. 3).

Specifically, Orr alleges in her complaint that in March 2007, defendant "arbitrarily and illegally siezed (sic) (approx.) $500.00" from my checking account [although] [t]he account was in fact, current, and therefore, not at all subject to any 'overdraft' fees, whatsoever." Plaintiff further alleges that "[t]he Bank employed a series of illegal, predatory and deceptive practices in order to construct a pretext to sieze (sic) (expected) deposits. Had the account not been deliberately manipulated by the Bank, there would be no pretext for the bank to claim that it is entitled to overdraft fees, of any amount." Id. at p.1.

In her prayer for relief, plaintiff seeks monetary damages and injunctive relief, including "a.) the immediate refund of every so-called 'overdraft' or related fee (Approx. [$]500.00). b.) payment of a $15.00 fee for every day the funds have been withheld. c.) a $5,000.00 lump sum for pain, suffering, annoyance, time, etc. d.) costs; e.) the identical checking account reopened. f.) correction and compensation (of and) for collateral damage to other related and unrelated accounts which would not have otherwise occured (sic)." Id. (Complaint at p. 2)

I.   DUPLICATIVE/MALICIOUS CLAIMS

Orr's claims in this case are duplicative of claims she has asserted in two earlier cases filed in this court, both of which have been dismissed with prejudice. Plaintiff's claims asserted in this case are duplicative and therefore malicious as a matter of law and must be dismissed for that reason.

The Order and Reasons issued by this court as to plaintiff's previous case filed on April 20, 2007 against the chairman of the J.P. Morgan Chase Bank, C.A. No. 07-1695 "T"(5), states that plaintiff's claims concerned the bank's "depriv[ation] of her property (direct deposit payroll wages)" and imposition of a wage garnishee arrangement, and requested that the court grant an injunction "to force Chase Bank to return the entire seized payroll . . . ." Record Doc. No. 12, Order and Reasons, at pp. 1 - 2. Plaintiff's claims were dismissed with prejudice on defendant's motion because "[a]ll of

[defendant's] alleged transgressions were committed by Chase Bank and not by [defendant]" and plaintiff's allegations "state[d] no facts or actions for which the named defendant could be held liable by law . . ." Id. at p. 3 and Final Judgment, Record Doc. No. 13.

In her more recently filed complaint, C. A. No. 07-3643 "T"(2), plaintiff alleged that the J.P. Morgan Chase Bank "seized two weeks of her wages and her expense money" and "her authorization allowing her payroll checks to be direct deposited does not give Chase the right to garnish her wages without following proper procedures and without due process of law."  Record Doc. No. 16 at p. 1 (Order and Reasons citing Record Doc. No. 1 at p. 1).  Plaintiff sought "an injunction requiring Chase to return her money to her immediately ($500.00); (2) payment of $15.00 a day as an 'overdraft fee' for each day the wages are withheld; (5) a $5,000 lump sum for pain, suffering, annoyance and Plaintiff's time; (6) costs; and (7) that her checking account be reopened." Id., citing Record Doc. No. 1 at p. 4.  This action was dismissed with prejudice on defendant's motion pursuant to Fed. R. Civ. P 12(b)(6) for failure of plaintiff to state a claim upon which relief can be granted.  Id. (Order and Reasons at p. 4) and Judgment, Record Doc. No. 17.

Orr now seeks to prosecute these same claims again in the captioned case. The relief requested by plaintiff in her previously dismissed case, C. A. No. 07-3643 "T"(2), is virtually identical to the relief sought by plaintiff in the instant case.

Plaintiff has filed the instant action as a pauper under 28 U.S.C. § 1915. An in forma pauperis complaint shall be dismissed if it is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Duplicative and repetitive lawsuits are malicious for purposes of Section 1915. Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

> Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . . In Pittman, the Fifth Circuit Court of Appeals noted that Wilson [v. Lynaugh] "essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata." The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Reading Pittman and Wilson in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.
> It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.

\* \* \* \* \*

> The Court may either consolidate the two actions or dismiss the instant action without prejudice to plaintiff pursuing his other case, "including any assertions therein of any of the claims in the instant suit." "Ordinarily," however, the courts dismiss "the later-filed action . . . in favor of the case that was filed earlier."

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

Orr's attempt to reassert in this case the same claims concerning her bank account that have already been asserted in her earlier filed cases in this court must be rejected in this case as duplicative and malicious.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as duplicative and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __26th__ day of June, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE