UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEV ORR                                     CIVIL ACTION

VERSUS                                      NO. 08-3661

J.P. MORGAN CHASE BANK, N.A.                MAG. JUDGE WILKINSON


**<u>ORDER AND REASONS ON MOTION</u>**

Plaintiff, Bev Orr, filed this complaint pro se and in forma pauperis, alleging that, in March 2007, defendant, JPMorgan Chase Bank, NA ("Chase Bank"), "arbitrarily and illegally siezed [sic] (approx.) $500.00 from my checking account [although] [t]he account was in fact, current, and therefore, not at all subject to any 'overdraft' fees, whatsoever." She further alleges that "[t]he Bank employed a series of illegal, predatory and deceptive practices in order to construct a pretext to sieze [sic] (expected) deposits. Had the account not been deliberately manipulated by the Bank, there would be no pretext for the bank to claim that it is entitled to overdraft fees, of any amount." Record Doc. No. 1, Complaint at p. 1.

In her prayer for relief, Orr seeks monetary damages and injunctive relief, including "a.) the immediate refund of every so-called 'overdraft' or related fee (Approx. [$]500.00).  b.) payment of a $15.00 fee for every day the funds have been withheld.

c.) a $5,000.00 lump sum for pain, suffering, annoyance, time, etc. d.) costs; e.) the identical checking account reopened. f.) correction and compensation (of and) for collateral damage to other related and unrelated accounts which would not have otherwise [occurred]." Id. at p. 2.  Plaintiff's complaint does not cite any law as the basis of her cause(s) of action.  As to jurisdiction, Orr states only that Chase Bank "employed unsound and unscrupulous banking practices as a means to sieze [sic] funds from [her] checking account." Id. at p. 3.

Chase Bank filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that plaintiff's complaint has no jurisdictional allegations and fails to demonstrate either federal question or diversity of citizenship jurisdiction.  Record Doc. No. 11.  Plaintiff filed a timely opposition memorandum.  She contends that the court has subject matter jurisdiction because Chase Bank allegedly violated federal law and regulations, including but not limited to 12 U.S.C. § 4302(e) (a part of the Truth In Savings Act, 12 U.S.C. § 4301 et seq.), and 12 C.F.R. § 7.4002(b)(2).  Record Doc. No. 16.  Chase Bank received leave to file a reply memorandum.  Record Doc. Nos. 17, 18, 19.

All parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Record Doc. Nos. 22 and 23.

Having considered the complaint, the submissions of the parties, and the applicable law, **IT IS ORDERED** that the motion is GRANTED, for the following reasons.

The court has construed plaintiff's pro se complaint liberally, as the court is required to do.  Richardson v. Thornton, No. 08-30012, 2008 WL 4933742, at *1 (5th Cir. Nov. 19, 2008) (citing Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)). Nonetheless, "the court cannot proceed at all in any cause [without subject matter jurisdiction].  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (quotations omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

Orr bears the burden to show the basis for the court's subject matter jurisdiction. Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).  "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986).

3

Plaintiff's complaint and opposition memorandum present <u>no</u> allegations sufficient to establish either federal question or diversity of citizenship jurisdiction.  As to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A] federal court has original . . . jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  <u>Bernhard v. Whitney Nat'l Bank</u>, 523 F.3d 546, 551 (5th Cir. 2008) (citing <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 10-11 (1983)).

Orr asserts in her opposition memorandum that the court has subject matter jurisdiction because defendant, a nationally chartered bank, violated a section of the Truth in Savings Act, 12 U.S.C. § 4302(e), and a federal regulation, 12 C.F.R. § 7.4002(b)(2).  Section 4302(e) of the Truth in Savings Act prohibits a depository institution from making "any advertisement, announcement, or solicitation relating to a deposit account that is inaccurate or misleading or that misrepresents its deposit contracts."  12 U.S.C. § 4302(e).  The regulation cited by Orr provides in part that "[a] national bank may charge its customers non-interest charges and fees, including deposit

4

account service charges," 12 C.F.R. § 7.4002(a), and that "[t]he establishment of non-interest charges and fees, their amounts, and the method of calculating them are business decisions to be made by each bank, in its discretion, according to sound banking judgment and safe and sound banking principles." Id. § 7.4002(b)(2).  Orr's argument in favor of federal question jurisdiction is unavailing for several reasons.

First, "a case does not arise under federal law for purposes of [28 U.S.C.] section 1331 simply because a federal chartered bank is a party."  Viqueira v. First Bank, 140 F.3d 12, 17-18 (1st Cir. 1998) (citing 28 U.S.C. § 1349; Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Morast v. Lance, 807 F.2d 926, 929 (11th Cir. 1987); Home Fed. Sav. & Loan v. Insurance Dep't, 571 F.2d 423, 426 (8th Cir. 1978); Southern Elec. Steel Co. v. First Nat'l Bank, 515 F.2d 1216, 1217 (5th Cir. 1975)).  Therefore, Chase Bank's status as a nationally chartered bank does not establish federal question jurisdiction.

Second,

> private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.  Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001) (citations omitted).

Several years ago, Congress repealed the private right of action that had been available under Section 4310 of the Truth in Savings Act and, at the same time, withdrew the prior grant of federal jurisdiction over such claims.

> Section 4310 was repealed as of September 30, 2001. . . .  [T]he repeal of § 4310 not only withdrew the jurisdiction of federal district courts to hear private [Truth in Savings Act] enforcement actions, but also entirely eliminated the cause of action, thereby releasing banks from future claims of private parties to recover actual and statutory damages for [Truth in Savings Act] violations.

Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 209 n.2 (3d Cir. 2002) (citing Act of Sept. 30, 1996, Pub. L. 104-208, § 2604(a), 110 Stat. 3009, 3009-470 (1996)); accord Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 168 n.4 (1st Cir. 2004); Hirschbach v. NVE Bank, 496 F. Supp. 2d 451, 456 (D.N.J. 2007); Owens v. First City Nat'l Bank, 714 F. Supp. 227, 231 & n.19 (E.D. Tex. 1989).

In addition, 28 U.S.C. § 1349 limits federal jurisdiction in cases involving any federally chartered corporate entity to those entities in which the United States owns more than a one-half interest.  "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."  28 U.S.C. § 1349 (emphasis added); see Pirelli Armstrong Tire Corp.

6

Retiree Med. Benefits Trust ex rel. Fed. Nat'l Mortgage Ass'n v. Raines, 534 F.3d 779, 800 (D.C. Cir. 2008) (Brown, J., concurring in the judgment) (citing 28 U.S.C. § 1349) (quoting American Nat'l Red Cross v. S.G., 505 U.S. 247, 251 (1992); Government Nat'l Mortgage Ass'n v. Terry, 608 F.2d 614, 621 n. 10 (5th Cir. 1979)) ("Congress in 1925 'diminish[ed] the flood of federal litigation'" that had resulted from a policy under which "federal courts should always have subject-matter jurisdiction in cases where a federally chartered entity is a party . . . . by limiting 'the [policy's] reach . . . to federally chartered corporations in which the United States owned more than one-half of the capital stock.' This statutory limitation remains today.").  Orr does not allege that the United States owns at least one-half of Chase Bank's capital stock.  Thus, her claim under 12 U.S.C. § 4302(e) provides no basis for federal jurisdiction.

Finally, as to plaintiff's assertion of federal question jurisdiction based on 12 C.F.R. § 7.4002, "'[a] regulation promulgated by an administrative agency . . . cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts.'"  Coxco Realty, LLC v. United States Army Corps of Eng'rs, No. 3:06-CV-416-S, 2008 WL 640946, at *3 (W.D. Ky. Mar. 4, 2008) (quoting Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 837 (9th Cir. 2004)

(citing <u>Touche Ross & Co. v. Redington</u>, 442 U.S. 560, 577 n.18 (1979))) (citing <u>AmSouth Bank v. Dale</u>, 386 F.3d 763, 777 (6th Cir. 2004)); <u>accord</u> <u>Scott v. Lantern Park Condo. Ass'n</u>, No. 3:05CV1265AVC, 2006 WL 618108, at *4 (D. Conn. Mar. 9, 2006). Thus, the court must determine whether 12 C.F.R. § 7.4002 is promulgated under a federal statute that contains a grant of federal subject matter jurisdiction.

The National Bank Act of 1864 confers upon national banks the authority "[t]o exercise . . . all such incidental powers as shall be necessary to carry on the business of banking; [including] . . . by receiving deposits . . . ."  12 U.S.C. § 24 (Seventh).  The National Bank Act delegates to the Office of the Comptroller of the Currency ("OCC") "the authority to determine, with a considerable discretionary birth [sic], whether and which fees the national banks may assess." <u>Wells Fargo Bank of Tex. NA v. James</u>, 321 F.3d 488, 490 (5th Cir. 2003) (citing 12 U.S.C. §§ 1, 26- 27, 481; <u>NationsBank of N. Carolina, N.A. v. Variable Annuity Life Ins. Co.</u>, 513 U.S. 251, 256 (1995)).

Pursuant to 12 U.S.C. § 24 (Seventh), the OCC promulgated 12 C.F.R. § 7.4002. The regulation permits a nationally chartered bank to "'charge its customers non-interest charges and fees,'" <u>id.</u> (quoting 12 C.F.R. § 7.4002(a)), including "deposit account service charges," 12 C.F.R. § 7.4002(a), that "reflect 'sound business judgment and safe

and sound banking principles,' as defined in [12 U.S.C.] § 4002(b)(2)." <u>Hancock v. Bank of Am.</u>, 272 F. Supp. 2d 608, 611 (W.D. Ky. 2003); <u>accord</u> <u>Fornshell v. FirstMerit Corp.</u>, No. 1:06-cv-1505, 2006 WL 3545134, at *4 (N.D. Ohio Dec. 8, 2006). In the instant lawsuit, Orr complains that Chase Bank improperly assessed such deposit account service charges, specifically, overdraft fees.

However, Section 24 (Seventh) "is nothing more than a broad enabling provision. It creates no remedy." <u>Hancock</u>, 272 F. Supp. 2d at 612; <u>accord</u> <u>Fornshell</u>, 2006 WL 3545134, at *4. Without deciding the issue, the Fifth Circuit has stated that "[i]t is unlikely that a private cause of action exists under the provisions of § 24(6) and (7) requiring that national banks act subject to law." <u>Carr v. Hibernia Nat'l Bank</u>, 251 Fed. Appx. 855, 2007 WL 2376782, at *1 (5th Cir. Aug. 20, 2007) (citing and quoting <u>Blaney v. Florida Nat'l Bank</u>, 357 F.2d 27, 28-31 (5th Cir. 1966) (which held that no private cause of action existed under federal regulation that required national bank to "'conform to sound principles in the operation of its trust department'")).

Furthermore, "'although an agency has the ability to promulgate regulations with the force of federal law . . . , it does not have the ability to create a right of action where Congress has not intended to do so.' 'While the agency can create federal law, it cannot

expand federal jurisdiction.'" Id. (quoting Roddy v. Grand Trunk W. R.R., 395 F.3d 318, 326 (6th Cir. 2005); AmSouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004)); accord Chaffin v. Kansas State Fair Bd., 348 F.3d 850, 857 (10th Cir. 2003); see also Sandoval, 532 U.S. at 291 ("[I]t is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress. Agencies may play the sorcerer's apprentice but not the sorcerer himself."). Thus, 12 C.F.R. § 7.4002 provides Orr with neither a cause of action nor federal question jurisdiction. Fornshell, 2006 WL 3545134, at *4; Jacobs v. ABN Amro Bank N.V., 204 WL 869557, at *5 (E.D.N.Y. Apr. 21, 2004); Hancock, 272 F. Supp. 2d at 612.

In the absence of federal question jurisdiction and to the extent that plaintiff's claims arise solely under state law, she can sue in federal court only if she can establish diversity of citizenship jurisdiction. For diversity jurisdiction, she and defendant must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Orr did not respond to, and apparently concedes, defendant's argument that her complaint on its face seeks a total of approximately $15,500 in damages, consisting of $500 for reimbursement of her checking account; $5,000 for pain, suffering and

inconvenience; and a $15 "fee" for every day the funds have been withheld since the date of the incident through the date that defendant filed its motion.[1]  Plaintiff did not specify in her complaint or her opposition memorandum any monetary amount of "collateral damage to other related and unrelated accounts," which is the other element of damages that she claims.  She bears the burden of establishing jurisdiction.  On the face of her complaint, the amount in controversy does not exceed $75,000, exclusive of interest and costs.  Therefore, she has failed to demonstrate diversity jurisdiction.

The court has discretion to give Orr an opportunity to cure her defective jurisdictional allegations by amending her complaint.  Mullins v. Testamerica Inc., No. 07-10340, 2008 WL 4888576, at *2 (5th Cir. 2008) (citing 28 U.S.C. § 1653, which states:  "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Nadler v. American Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985)); Robinson v. Wal-Mart Stores, Inc., 253 F.R.D. 396, 403 (S.D. Miss. 2008).  "Although [28 U.S.C. § 1653] is liberally construed," federal courts permit amendments to cure such defects only when "'examination of the record as a whole discloses at least

---

[1]This request may actually seek interest, which Louisiana law defines as "damages due for delay in the performance of an obligation."  Newman Marchive P'ship, Inc. v. City of Shreveport, 923 So.2d 852, 861 (La. App. 2d Cir. 2006) (citing La. Civ. Code art. 2000).  Chase Bank included the requested "fee" amount in its calculation of damages for purposes of the pending motion only.

a substantial likelihood that jurisdiction exists.'"  <u>Mullins</u>, 2008 WL 4888576, at *2

(quoting <u>Nadler</u>, 764 F.2d at 413) (citing <u>Carlton v. BAWW, Inc.</u>, 751 F.2d 781, 789 (5th

Cir. 1985)).

   "While pro se plaintiffs are afforded a certain degree of leniency toward their

pleadings because they proceed without counsel," <u>Henderson v. Mueller</u>, No. EP-04-CA-

402-DB, 2006 WL 978877, at *2 (W.D. Tex. Apr. 10, 2006) (citing <u>Haines v. Kerner</u>,

404 U.S. 519, 520 (1972)), the court notes that the instant lawsuit is Orr's third attempt

to sue Chase Bank in this court concerning some or all of the transactions raised in her

complaint.  Both of her earlier cases were dismissed with prejudice.  <u>See</u> C.A. No. 07-

1695 "T"(5), Record Doc. No. 12; C. A. No. 07-3643 "T"(2), Record Doc. No. 16.  The

instant record contains no evidence, and Orr has cited none, to suggest that she would be

able to show subject matter jurisdiction if she were allowed to amend her complaint.

<u>Henderson</u>, 2006 WL 978877, at *2.  Orr has had ample opportunity, but has been

unable, to assert viable claims over which this court could exercise jurisdiction.  Under

these circumstances, allowing her to amend her complaint to try to establish subject

matter jurisdiction would be futile.  <u>Id.</u> at *3.

Accordingly, defendant's motion is GRANTED and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of federal subject matter jurisdiction. Plaintiff must pursue her state law claims, if any, in state court.

New Orleans, Louisiana, this _____18th_____ day of December, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

13